Kitchens vs. Robbins.

---

WILLIAM K. KITCHEN, plaintiff in error, vs. STEPHEN B. ROBBINS, defendant in error.

[1.] Admissions of an innkeeper that his guest has lost goods in his house, when proven by a witness who heard the admissions, are sufficient proof of the fact of loss, to authorize the introduction of evidence to show the amount of the loss, although the innkeeper when put on the stand as a witness by the other party, may state that the admissions by him were founded solely on statements to him by the plaintiff.

[2.] When one party puts the other as a witness on the stand under our statute, he is entitled to have his belief as well as his knowledge.

[3.] A guest having shown the loss of his goods at an inn by other evidence, is himself a competent witness to show the amount of the loss.

Certiorari, in Richmond Superior Court. Decision by Judge HOLT, at October Term, 1859.

This cause arose in the City Court of Augusta, being an action on the case brought by William K. Kitchen, against Stephen B. Robbins, to recover the value of a gold watch and eighty-five dollars in money, alleged to have been stolen from plaintiff, on the night of 27th day of December, 1858, from the room occupied by him in the inn or hotel, kept by defendant in the city of Augusta, and while plaintiff was asleep in the room.

After proving that the defendant kept a common inn in the city of Augusta, on or about the 27th day of December, 1858, and that on or about that day, plaintiff and his family were guests at said inn, plaintiff proved by Curtis H. Shockley, who was examined by commission, that during the month of December, 1858, the defendant, Stephen B. Robbins, informed him, that the plaintiff had lost some money and (as witness thought) a gold watch also.

Plaintiff, by his attorneys, then offered as evidence, his own testimony, taken by commission, for the purpose of proving his actual loss; the amount of money and the value of the watch; upon the ground that from the necessity of the case, no other evidence could be procured to show a loss which occurred while the plaintiff was asleep; and upon the ground of public policy, springing out of the necessity of the case and the nature of the subject. The Court ruled out the testimony of the plaintiff, who excepted at the time to the decision.

The plaintiff then placed the defendant, Stephen B. Robbins, on the stand; by whom he proved that on the night of the 27th day of December, 1858, the plaintiff, his wife and daughter were guests at his inn, and that he had been paid in full for their board.

Plaintiff's counsel then asked of the defendant whether or not he believed that the plaintiff was robbed of said watch and money on said night, and requested him to give the reasons of his belief. The defendant replied that he had no

belief except what was founded upon the statements of the plaintiff to him.

The Court refused to allow the defendant to give his belief, though insisted upon by plaintiff's counsel; to which refusal the plaintiff excepted.

Plaintiff again offered in evidence his own testimony, upon the grounds aforesaid, which the Court refused to allow as evidence, and plaintiff again excepted. The case was then submitted to the jury, who found for the defendant.

Upon this statement of facts, a writ of certiorari was granted; and after argument on both sides in the Superior Court for said county, the Judge of that Court ordered a new trial, upon the grounds that " the loss having been proven by the admissions of the defendant," the "testimony of the plaintiff was admissible to prove the amount and value of the property lost."

And, secondly, that the plaintiff, when the defendant was put upon the stand, "was entitled, on the direct examination, to have his belief, and the reasons of his belief."

To which decision defendant, by his counsel excepted, and tenders this bill of exceptions, and says that the Court erred :

1st. In holding that the admissions of the defendant, founded upon the statements of the plaintiff, was sufficient evidence of the fact of loss, to admit any evidence of the value of the loss.

2d. In holding that the rule of law which admits a party, in an action against a common carrier, to testify in his own behalf as to the contents of his trunk which had been lost, is also applicable to innkeepers, in cases of this kind.

3d. In deciding that the defendant when placed upon the stand by the plaintiff as his witness, might be compelled, on the direct examination, to give his belief, and the reasons of his belief, as to any fact not within his own knowledge.

JOHN H. HULL; and EDWARD J. WALKER, for plaintiff in error.

MILLERS & JACKSON, *contra.*

*By the Court.*—STEPHENS J. delivering the opinion.

[1.] The first error assigned is on the ruling that the admissions of the defendant founded on statements to him by the plaintiff, were sufficient proof of the fact of loss, to authorize the introduction of evidence concerning the amount of the loss. I remark in the first place, the admissions did not appear to have been founded on statements of the plaintiff, so far as was disclosed by Mr. Shockley, who was the witness that testified to the admissions. He stated the admissions to have been made without any qualification or suspicion expressed as to their truth, and without any mention of the source from which the defendant's knowledge of the facts had been derived. We think the testimony of this witness was sufficient proof of the fact of loss, to authorize the introduction of evidence to show its amount, and it was not for the Judge to pronounce that the testimony of this witness was to be weakened or destroyed by the subsequent statement of the defendant, that all his knowledge had been derived from the plaintiff. The jury was the tribunal to compare the witnesses, and weigh the evidence. But why should not the admissions be good evidence even if founded on the statements of the other party? Are no admissions good against a party, unless founded on his personal knowledge? The admissions would not be made except on evidence which satisfies the party who is making them against his own interest, that they are *true*, and that is evidence to the jury that they are true. Admissions do not come in, on the ground that the party making them, is speaking from his personal knowledge, but upon the ground that a party will will not make admissions against himself unless they are

Kitchen vs. Robbins.

*true.* The fact that he makes them against his interest, can be reasonably explained only on the supposition that he is constrained to do so by the force of the evidence. The source from which a knowledge of the facts is derived, is a circumstance for the jury to consider, in estimating the value of the evidence, but that is all.

[2.] And on the same principle as well as on another, we think the plaintiff had a right to the *belief* of the defendant when the latter was on the stand as a witness, under our statute. He was a party as well as a witness, and on the principle just stated, the plaintiff would have been permitted to prove, that the defendant had said, he *believed* the plaintiff had lost the watch and money. He would have been permitted to prove that the plaintiff had said so, in the presence of the defendant, and that the latter did not deny it. This evidence would show no personal knowledge of the fact stated, on the part of the silent party, but it raises a presumption that he *believed* it. The belief of a man against his own interest is a fact for the jury to consider as evidence, and if this belief may be proven by admissions before witnesses or inferred from silence, surely it may be proven by the oath of a witness who knows, as the party does know, what his belief is. Courts of Equity will require parties to answer not only according to their knowledge, but also according to their belief, and our Act which permits one party to put the other on the stand as a witness, is stated in its very caption to be a mode of obtaining a discovery at common law, in *lieu* of going into equity. And this is the additional principle on which the belief of the defendant was admissible evidence.

[3.] After the loss had been proven, was the plaintiff a competent witness to prove the amount of it? It was urged in the argument, that the rule of evidence against a common carrier, should not apply against an innkeeper, because it was said the common carrier has a more exclusive custody of the goods than an innkeeper has. This reason goes to

question the propriety of subjecting the innkeeper to the same *liability* for loss, but not in the least does it suggest a discrimination in the mode of arriving at the loss, the liability being admitted. A guest at an inn may have more control over his trunk, than a passenger on a car has over his, but he is no more likely to exhibit the contents of it to other people, and there is no more probability of his having witnesses, therefore, to the question of contents or *amount of loss.* The rule stands on necessity in the one case, and we think the same necessity exists in the other case, and that the Judge properly held the rule to be the same in both cases.

Judgment affirmed.