13633.   CHERO-COLA BOTTLING COMPANY *v.* SOUTHERN
EXPRESS COMPANY.

1. A correct statement of the law applicable to a case is not erroneous
because the court failed in the same connection to give the jury other
and further instructions. If these were desired in the instant case they
should have been requested in writing. *Killian* v. *State,* 19 *Ga. App.*
750 (2) (92 S. E. 227).

2. Admissions by one party may be introduced as evidence by the opposite
party although they be not founded on the personal knowledge of the
person making them. "Admissions do not come in on the ground that
the party making them is speaking from his personal knowledge, but
upon the ground that the party will not make admissions against him-
self unless they are true. The fact that he makes them against his
interest can be reasonably explained only on the supposition that he is
constrained to do so by the force of the evidence. The source from
which the knowledge of the facts is derived is a circumstance for the
jury to consider in estimating the value of the evidence, but that is all."
*Kitchen* v. *Robbins,* 29 *Ga.* 713 (1).

3. The admission or declaration of an agent, when acting within the scope
of his authority, is to be considered as the admission or declaration
of his principal. *Williams* v. *Kelsey,* 6 *Ga.* 365 (1)', 373; *Krogg* v.
*Atlanta & West Point Railroad,* 77 *Ga.* 202; 1 Michie's Dig. Ga. R.
293; *Cable Co.* v. *Walker,* 127 *Ga.* 65 (56 S. E. 108) ; Civil Code (1910),
§ 5779.

4. "A letter written by a general agent relating to matters apparently
within the scope of his agency is, when pertinent to the issue under in-
vestigation, competent evidence in the trial of an action against the
principal." *Louisville & Nashville R. Co.* v. *Tift,* 100 *Ga.* 86 (3) (27
S. E. 765).

5. Parol evidence is admissible to explain an ambiguity in a writing, but
where the words and phrases are not technical nor in any sense am-
biguous, a witness cannot, as an expert or otherwise, give his opinion
of the meaning of the instrument. *Hill* v. *John P. King Mfg. Co.,* 79
*Ga.* 105 (2) 3 S. E. 445. See also *Harris* v. *Amoskeag Lumber Co.,* 97
*Ga.* 465 (2) (25 S. E. 519) ; *George W. Muller Bank Fixture Co.* v.
*Georgia Ry. &c. Co.,* 145 *Ga.* 484 (2) (89 S. E. 615).

6. Applying the foregoing principles, it was error for the court, in a
suit against a common carrier for a breach of a contract for the
transportation of goods, to permit a witness for the defendant, over
appropriate objection by the plaintiff, to testify as to the meaning of
an unambiguous letter which had been written by an agent of the de-
fendant within the apparent scope of his authority and containing an
admission, on account of which the letter had been introduced by the
plaintiff. If the admission was based upon misinformation, this might
properly have been shown for the consideration of the jury in determin-
ing the weight to be given it, but it would not render harmless the in-
troduction of parol evidence varying the clear and unambiguous meaning
of the words which embodied the admission. With this letter in evi-
dence unaffected by the illegal explanation of its contents, the plaintiff

would have shown prima facie that the carrier received the goods in good condition. The error was prejudicial, and, after verdict against the plaintiff, its motion for a new trial upon this ground should have been granted.

DECIDED FEBRUARY 16, 1923.

Action for damages; from city court of Carrollton — Judge Hood. May 3, 1922.

*Boykin & Boykin,* for plaintiff.

*Alston, Alston, Foster & Moise, S. Holderness,* for defendant.

BELL, J. This case was before this court on a previous occasion. *Southern Express Co.* v. *Chero-Cola Bottling Co.,* 24 Ga. App. 190 (100 S. E. 289). The letter referred to in the headnotes was then held to have been improperly admitted in evidence over the objections: its subject-matter not shown, nor authority of R. H. May, nor who May was; hearsay. It appears, from the brief of the evidence, that upon the trial now under review there was proof sufficient to meet the objections and to render it admissible. However, it comes before us now unobjected to. The record discloses that objections were made, but no cross-bill of exceptions was filed to preserve them.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*