19199. CENTRAL OF GEORGIA RAILWAY COMPANY *v.* FRANCIS.

STEPHENS, J. 1. On the trial of an action against a railroad company for damages for the alleged negligent killing of the plaintiff's mules by the defendant's train, where the alleged negligence consisted in failure to have the track "properly sanded," and in the engineer to keep a lookout, and in not blowing the whistle or ringing the bell, and in operating the train at a negligent rate of speed under the circumstances, and in not stopping the train after the engineer discovered the mules on the track, a charge to the jury that if the cars of the defendant were

in a "proper condition" or were operated in an "approved manner," *and* if the defendant's agents, servants, or employees were in the exercise of ordinary care and diligence, the defendant would not be liable to the plaintiff in damages, did not place upon the defendant a heavier burden in rebutting the presumption of liability against it, by requiring it to show not only that the defendant must exercise ordinary care and diligence in order to overcome this presumption, but in addition that its cars were in a "proper condition" or were operated in an "approved manner." After all the evidence was in, the jury must have understood that there was no issue as to the "proper condition" of the cars, and the defendant therefore was not prejudiced by this reference to a matter not charged as negligence. A failure of the defendant to operate its train in an "approved manner" would be negligence as charged in the petition, and, under section 2780 of the Civil Code of 1910, such negligence is presumed until overcome by sufficient evidence. The charge therefore, as against the defendant, amounted to no more than an instruction that a duty rested upon it to show that its agents, servants, or employees exercised ordinary care and diligence specifically as respects the acts alleged in the petition as negligence, and was therefore not harmful to the defendant.

2. Where there was evidence to the effect that at the time of the alleged injury the defendant's train was being operated on a stormy night at a speed of about twenty-five miles an hour, and the engineer, by reason of rain beating upon the protecting glass in front of his station, and of other weather conditions, could not see farther ahead along the track than sixty feet, that by virtue of the weather conditions the penetrability of the headlight on the engine, which was required under ordinary conditions to penetrate ahead four hundred feet, had been reduced to about two-thirds, and that the train, which consisted of fifty-five freight-cars, could not, by the use of the emergency brake, have been stopped in less than one thousand feet, that the engineer did not see the mules until he was within about sixty feet of them, that, from the appearance of the tracks made by the mules, they ran about seventeen hundred and thirty-seven yards along the railroad-track before they were hit by the train, and that they were running when they were first observed by the engineer, and where the testimony of the engineer was contradictory as to whether he could have seen about sixty or three hundred and fifty feet ahead of the engine at the time, and where his testimony and that of the conductor of the train, upon which it was necessary for the defendant to rely as rebutting the presumption of negligence, was largely opinionative as to the degree of care with which the train was operated, the jury could have concluded, from the evidence of the witnesses, that the mules were killed as a result of the defendant's negligence. The above charge excepted to was adjusted to the evidence and the evidence authorized the verdict found for the plaintiff.

3. The charge that if the jury should find for the plaintiff they should ascertain from the evidence the amount of the damages stated a correct and complete legal proposition. This charge was not error because the court failed to give any rule for the measurement of damages.

4. It not appearing that the verdict found for the plaintiff was dependent solely upon the presumption arising against the defendant railroad company upon proof that the mules were killed as a result of the operation of the defendant's train, and there being no exception to the charge instructing the jury that such presumption existed, the verdict and judgment for the plaintiff can not be set aside under the authority of Western & Atlantic Railroad v. Henderson, 279 U. S. 639 (49 Sup. Ct. 445, 73 L. ed. 519). See *Southern Railway Co.* v. *Reed*, 40 *Ga. App.* 332 (149 S. E. 582).

> *Judgment affirmed.* *Jenkins, P. J., and Bell, J., concur.*
>
> DECIDED OCTOBER 1, 1929.

*A. S. Bradley, E. W. Jordan,* for plaintiff in error.
*M. L. Gross,* contra.