CARTER *v.* MARBLE PRODUCTS INCORPORATED *et al.*

50

No..7387.   JULY 18, 1930.   REHEARING DENIED SEPTEMBER 29, 1930.

· *Harold T. Patterson* and *Dorsey & Shelton,* for plaintiff.
*Hewlett & Dennis* and *Lindley W. Camp,* for defendants.

BECK, P. J.   Samuel M. Carter brought his petition against J. R. Goble, Marble Products Inc., and ·others, and alleged that in 1850 Farish Carter, who was the owner of a fee-simple title to three land lots in Gilmer County, Georgia, made to William Goble a warranty deed thereto, in which deed was the following reservation: "The said Farish Carter hereby expressly reserving and excepting to himself, his heirs, executors, administrators, and assigns all the marble and marble quarries on, in, or upon said lots of land, together with the water-power upon said lots for machinery of every character, together with the perpetual right of way, ingress and egress, to and from all the quarries of marble on said

lots with all vehicles, and also the right to all necessary wood for fuel on said lots." Plaintiff alleged that he acquired the interest of Farish Carter in the marble, as reserved in the deed; that W. F. Goble and J. R. Goble acquired the interest of William Goble; that the marble interest owned by him included a mineral known as dolomite; that the defendants in error conspired to defraud him of his marble interest, and to that end defendants W. F. and J. R. Goble executed and delivered to defendant Williams certain leases of the dolomite, which leases defendant Williams in turn transferred to defendant Marble Products Inc. Plaintiff claimed that the marble interest was of certain value. He prayed for an injunction restraining defendants from removing the mineral termed "dolomite," and for cancellation of the leases as a cloud upon his title.

Defendants W. F. Goble and J. R. Goble filed their separate answer, in which they denied the entire contentions of the plaintiff, except they admitted that they acquired the fee-simple title to the land of William Goble; that this fee-simple title carried with it all the minerals located on the land, except marble; that marble was, at the time of the giving of the deed, and still is a mineral of such a texture as can be cut into blocks, will take a polish, is ornamental in color, and can be used for building and architectural purposes. They alleged that dolomite was and is a separate and distinct mineral, can not be used for the purposes for which marble is used, for the reason that it is soft, does not weather, but disintegrates, is laminated, meaning that it contains cracks, seams, and fissures, can not be cut into blocks because it will fall apart, and can not be used in building; that it was not used at the time of the making of the deed by Farish Carter to William Goble, as marble, and was not at that time in contemplation of the parties; and that it was regarded by both parties at the time of the making of the deed as whitestone. Defendants Williams and Marble Products Inc. filed their separate answer. They alleged that the deed given by Farish Carter in 1850 reserved only marble; that marble was and is a mineral of such texture as can be cut into blocks, will take a polish, is ornamental in color, and can be used for building purposes; that dolomite was and is a separate and distinct mineral composed of a carbonate of lime and carbonate of magnesium, which, on account of the low pressure and temperature to which it is sub-

jected in its creation, can not be used for the purposes for which marble is used, for the reason that it is soft, does not stand weather, disintegrates, is filled with cracks, seams, and fissures, can not be cut into blocks because it will fall apart, can not be used in building structures, is not used in building structures, and was not known as marble at the time of the making of the deed by Farish Carter to William Goble in 1850, and that it has never since been known as marble.

Upon the trial the jury returned a verdict for the defendants. The plaintiff made a motion for a new trial, which was overruled, and he excepted.

The foregoing statement of facts contains so much of the pleadings in the case as will serve to illustrate the controlling issues and questions. In the motion for a new trial, in addition to the general grounds, are assignments of error upon rulings of the court admitting evidence, as well as upon certain instructions given to the jury, and upon refusal to charge in the language of a written request.

■  The first special ground of the motion assigns error upon the admission in evidence of the following part of the testimony of a witness for the defendants: "The first job of terrazo flooring in Georgia was put into the old Kimball House when they reconstructed it after it was first burned. I am not certain what year that was. The original Kimball House was built after the war, and it burned down, and then they reconstructed it, and the first job of terrazo flooring in Georgia was placed in it. There was no terrazo flooring whatever in this country in 1850 when the deed between Farish Carter and William Goble was made." This testimony was objected to upon the ground that it was "an opinion and conclusion of the witness;" that it was merely "historical data;" that it was "irrelevant and immaterial." The witness had testified to facts showing his familiarity with the subject or material referred to as "terrazo," of which marble or dolomitic limestone is a constituent part; and, as will be brought out in a subsequent part of this opinion, it was material to know when dolomite first came into use, and whether or not its general use and utility were known at the time of the conveyance executed by Farish Carter to William Goble, in which there was a reservation of the marble in the land conveyed. Besides, the testimony was not a mere expression of

opinion. The witness undertook to state a fact or facts. Whether he was sufficiently familiar with the subject to give his testimony in reference to these facts any probative value was a question for the jury. But, as remarked above, further on in this opinion it will be shown that the time at which terrazo flooring came into use was a subject of legitimate inquiry in the determination of the issues involved in this case. And consequently the court did not err in admitting this testimony.

■ Error is assigned upon the ruling admitting in evidence the testimony of a witness for the defendants as to conversations with the plaintiff, as to whether the latter would warrant the title to the dolomite in the land conveyed in the deed executed by Farish Carter, etc. It was error to admit this evidence. The conversation with Samuel Carter, the plaintiff, to which this testimony referred and in which Carter referred to warranting the title to the dolomite, occurred a half century after the execution of the deed by Farish Carter, and it could in no way illustrate the question as to whether dolomite was included in the term "marble," of which a reservation was made in that deed, or illustrate what the parties understood by the term "marble;" for Mr. Samuel Carter might very well have knowledge of the nature of dolomite, might know that it is marble, might know that it would be generally included under the general term "marble," but this would not tend to show that his grandfather, a half century before, knew that dolomite was marble or understood that it was covered by the use of the term "marble" used in the reservation. For similar reasons it was error to admit in evidence the letters referred to in the fourth special ground of the motion.

■■ The rulings in headnotes 3 and 4 require no elaboration.

■ In another ground of the motion for new trial error is assigned upon the following charge of the court: "I instruct you that you are not to give this word 'marble' the meaning in the ordinary, strict mineral or geological sense, if there be such, but that you are to give the word "marble" the sense and meaning in which the parties used it, that they intended it to have and which they contemplated at the time that this word should have. I instruct you that words which are of doubtful meaning or which are of technical meaning are to be given the meaning as mutually intended by the parties at the time. So you will determine the meaning of

marble as contemplated or intended by Farish Carter and William Goble on October 1, 1850. You will determine this from the deed itself and from all the facts and circumstances surrounding them at the time, as the same may be illustrated to you by the evidence, oral and documentary, or otherwise in the case." The court did not err in so instructing the jury. It appears from the evidence in this case that "dolomite," or "dolomitic limestone," and "whitestone" are now known to be species of marble. It appears that that fact is generally known and recognized. And if that is a fact generally known and recognized, then a reservation like that contained in the Farish Carter deed to Goble would be a reservation also of dolomite, a species of marble. But in this case there is evidence tending to show that dolomitic limestone was not generally recognized as being marble at the time of the execution of the Farish Carter deed; and the jury would have the right to consider evidence tending to show that neither Farish Carter nor William Goble, the grantee in the Farish deed, understood the term "marble" as covering dolomite, and the court properly submitted to the jury the question as to whether or not the parties intended that dolomite should be covered by the word "marble." This holding is but an application to the facts of this case of the well-settled rule applicable in the construction of contracts. "The cardinal rule of construction is to ascertain the intention of the parties. If that intention be clear, and it contravenes no rule of law, and sufficient words be used to arrive at the intention, it shall be enforced, irrespective of all technical or arbitrary rules of construction." Civil Code, § 4266. "In the construction of deeds, as well as other contracts, the paramount, essential, and controlling rule is to ascertain the intention of the parties. If that intention is plain from the language of the deed as a whole, and the intention contravenes no rule of law, it should be given effect regardless of mere literal repugnancies in different clauses of the conveyance." *Keith* v. *Chastain*, 157 *Ga.* 1 (121 S. E. 233). In the Civil Code, § 4268, subsection 2, it is declared: "Words generally bear their usual and common signification; but technical words, or words of art, or used in a particular trade or business, will be construed, generally, to be used in reference to this peculiar meaning. The local usage or understanding of a word may be proved in order to arrive at the meaning intended by the parties." "The object in construing

a deed is to ascertain the intention of the parties, and especially that of the grantor, from the words which have been employed in connection with the subject-matter, and the surrounding circumstances. . . The intent of the parties when ascertained will control technical terms," etc. 18 C. J. § 198. And Elliott in his work on Contracts (Vol. 2, § 1517) says: "Where the language is ambiguous and susceptible of more than one construction, the court should attempt to place itself as near as possible in the situation of the parties to the contract at the time the agreement was entered into, so that it may view the circumstances as viewed by the parties, and thus be enabled to understand the language used in the sense with which the parties used it. In order to accomplish this object it is generally proper for the court to take notice of surroundings and attendant circumstances, and construe the language used in the light of such circumstances." While the word "marble" used in the reservation might not be classed as an ambiguous term, nevertheless, under the evidence in the case, if the jury believed certain of the witnesses for the defendants, they might find that the grantor and the grantee in the Farish Carter deed did not understand that the word "marble" included dolomite; and if these parties to the deed were of the opinion, and it was their understanding, that the term marble had a more limited meaning than that which it would have if dolomite is included, then the reservation would not have the effect of reserving to the grantor in the deed dolomite or dolomitic limstone, and the title to that mineral would have passed with the general grant in the deed.

The principle applicable to the instruction of the court last quoted is thus stated in 13 Corpus Juris, § 482. "The primary rule in the construction of contracts is that the court must, if possible, ascertain and give effect to the mutual intention of the parties, so far as that may be done without contravention of legal principles. Greater regard is to be had to the clear intent of the parties than to any particular words which they may have used in the expression of their intent. No matter how broad or how general the terms of the contract may be, it will extend only to those matters with reference to which the parties intended to contract." "In order to ascertain the intention of the parties in respect to the property conveyed, reference may be had to the state of facts as they existed when the instrument was made and to which the

parties may be presumed to have had reference. . . The parties will be presumed to have been influenced by facts of which they had knowledge rather than by things of which they were ignorant." 18 C. J. § 248. Numerous other authorities and decisions of different courts might be cited, laying down similar principles; and we are of the opinion that upon the application of these principles to the facts of this case the court did not err in giving the charge excepted to.

■ Under the ruling made with reference to the part of the charge dealt with in the last preceding division of the opinion, the court did not err in charging the jury as follows: "You will pass to a consideration of the question of what dolomitic limestone is, as set forth in these two lease agreements here; that is, whether or not it is marble as contemplated by Farish Carter and William Goble on October 1, 1850."

■ The ruling in the 7th headnote requires no elaboration.

■ The court charged the jury in part as follows: "If you find that dolomitic limestone or dolomite is marble under the definition that you give to it, then it would be your duty to find for the plaintiff; or if you find that the plaintiff has not carried the burden by greater preponderance of evidence, or by proving that it is marble, then the form of your verdict would be: 'We, the jury, find for the defendant.'" This charge is not erroneous as against the plaintiff. His contention was that dolomite is marble, and the burden would rest upon him of establishing that contention by a preponderance of the evidence. Standing by itself, this excerpt from the charge, under what we have said above, was more favorable to the plaintiff than he was entitled to; because it submitted to the jury the pure question as to whether or not dolomite is marble, without reference to the limitations that might be put upon the term "marble" on account of the understanding and intention of the parties to the deed in which is contained the reservation where the broad term "marble" is used.

*Judgment reversed. Atkinson, J., disqualified. Gilbert and Hines, JJ., dissent. The other Justices concur.*