22798. BROOKS, administratrix, v. SESSOMS.

DECIDED SEPTEMBER 28, 1933.

*J. H. Williams, Sapp & Barnes,* for plaintiff.
*Parks, Garrett & McDonald, R. G. Dickerson,* for defendant.

MACINTYRE, J. Mattie Brooks, as temporary administratrix of the estate of Calvin Riley, deceased, brought an action against Alex K. Sessoms, as a common carrier, to recover damages for the homicide of Calvin Riley. The plaintiff was nonsuited, and he excepted.

■ The plaintiff alleged that the defendant was a common carrier, and the defendant specifically denied this allegation, thus making this a material issue in the case. On this issue the plaintiff offered the testimony of J. H. Williams, who testified in part as follows: "After I got hold of this case I thought Mr. Sessoms was operating under the workmen's compensation act, so this matter was taken up with Mr. Sessoms and Mr. Garrett, and they said at that time that the road was a common carrier and did not come under the workmen's compensation act. This letter followed a visit to Waycross, when I had this matter discussed in this letter in controversy. They orally admitted to me during the conversation what I just said. I don't remember whether or not at that time Mr. Garrett said anything about his employment in the case. There was no suit filed at that time. I was trying to determine whether or not this accident came under the workmen's

compensation act, as to whether this railroad was a common carrier or whether it was not. Mr. Sessoms was in Mr. Garrett's office when he told me that his road was a common carrier. We had quite a lengthy discussion and that was his contention, . . and the whole conversation and everything connected with it was not about a compromise settlement of the claim." Thereupon the court ruled as follows: "All the testimony that he testifies to about you [Mr. Garrett] and Mr. Sessoms admitting to him that this railroad was a common carrier is ruled out upon the ground that it is a conclusion." The evidence of J. H. Williams was not a conclusion of the witness, but he was testifying to a statement made by the defendant which was an admission that the defendant's road was a common carrier. An admission in the law of evidence is a statement by a party of the existence of a fact which is relevant to the cause of his adversary. 22 C. J., § 323, p. 296. To be admissible in evidence, admissions do not necessarily have to be founded on the personal knowledge of the party making them. "The admissions would not be made except on evidence which satisfies the party who is making them against his own interest that they are *true,* and that is evidence to the jury that they are true. Admissions do not come in on the ground that the party making them is speaking from his personal knowledge, but upon the ground that a party will not make admissions against himself unless they are *true.* The fact that he makes them against his interest can be reasonably explained only on the supposition that he is constrained to do so by the force of the evidence. The source from which a knowledge of the facts is derived is a circumstance for the jury to consider, in estimating the value of the evidence, but that is all." *Kitchen* v. *Robbins, 29 Ga.* 713, 716. See also *Chero-Cola Bottling Co.* v. *Southern Express Co., 29 Ga. App.* 656 (2) (116 S. E. 325). We think the evidence was admissible as an admission on a very material issue, and hold that it was reversible error to rule it out upon the ground that it was a conclusion.

■ The complaint in ground 4 of the bill of exceptions is of the exclusion of the following letter, dated July 29, 1930.

"Mr. J. H. Williams, attorney at law, Douglas, Georgia.

"Dear Mr. Williams: We acknowledge receipt of your letter of July 29th in which you request us to submit to you a brief and

our opinion of the law as to whether or not this case comes under the workmen's compensation act. Section 2711 of Michie's Code states that any person undertaking to transport goods to another place, for compensation, is a carrier, and as such is bound to ordinary diligence. Section 2712 of the Code defines a common carrier as one who pursues the business constantly or continuously for any period of time, or any distance of transportation. Sections 3154 (9) and (15) expressly exempt common carriers who operate by steam from the provisions of the workmen's compensation act. We are, therefore, of the opinion that Mr. Sessoms' road is a common carrier, and, as it operates by steam, that it does not come under the workmen's compensation act. Our opinion is confirmed by a member of the Industrial Commission to whom the facts were presented. We feel that our position is well taken, and we can not recommend to Mr. Sessoms that he make any settlement in this case. We shall be glad to hear from you further.

"Yours very truly, Parks & Garrett, by Q. L. Garrett.

"Copy to Mr. A. K. Sessoms, Cogdell, Ga."

In addition to the testimony of J. H. Williams set out above, he further testified that he received the letter with the said notation at the bottom thereof: "Copy to Mr. A. K. Sessoms [defendant], Cogdell, Ga.," and that it was not received in response to an offer of compromise. This letter was offered not as opinion evidence, but as an admission made by the defendant's attorney, and inferentially concurred in and adopted by the defendant. The defendant contends that the reasoning in the case of *Kitchen* v. *Robbins*, supra, is in point, and "that it does not make any difference whether the letter was opinionative evidence or not, if it became opinionative evidence by the expression on the part of the defendant or his counsel, so long as it was offered as an admission." It is true in discussing the admission of the adverse party to the cause, in the *Kitchen* case the court said (headnote 2): "When one party puts the other as a witness on the stand under our statute, he is entitled to have his belief as well as his knowledge." It is well to note the careful wording of this headnote—"to have his belief as well as his knowledge." In defining belief, Black's Law Dictionary says: "The distinction between the two mental conditions [knowledge and belief] seems to be that knowledge is an assurance of a fact or proposition founded

on perception by the senses, or intuition; while belief is an assurance gained by evidence, and from other persons. Abbott." The same dictionary states, with reference to attorney and client, that a written opinion is "a document prepared by an attorney for his client, embodying his understanding of the law as applicable to a state of facts submitted to him for that purpose." In this case the attorney was giving his legal opinion upon a state of facts submitted to him for that purpose. He might not have any knowledge or belief as to the existence or the truth of the facts submitted. He simply assumed that they were as submitted, and rendered his legal opinion accordingly to the witness Williams and to the defendant Sessoms, for the letter indicated that he sent a copy to Sessoms. This was not a statement by the attorney of the existence of a fact, but he was merely rendering a legal opinion applicable to the facts submitted, whether the facts were true or untrue. We think the letter was properly excluded, because it was a legal opinion, and not an admission binding upon the defendant Sessoms.

■ Grounds 2 and 3 of the bill of exceptions relate to certain alleged irregularities during the course of the trial. Whether or not there is merit in these grounds need not be determined, since it is highly improbable that the same questions will be raised upon another trial of the case.

If the proof had established that the defendant was a common carrier, the evidence would have entitled the plaintiff to go to the jury on the question of negligence. The plaintiff's right to go to the jury under the evidence in this case was not dependent solely upon the presumption arising against the defendant upon proof that the plaintiff was injured as a result of the operation of the defendant's train. *Central of Ga. Ry. Co.* v. *Francis,* 40 *Ga. App.* 383 (4) (149 S. E. 806).

Because of the error above indicated, the further proceedings in the case were nugatory.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*