### 21015. WIMIS v. THE STATE.

SUBMITTED SEPTEMBER 15, 1960—DECIDED OCTOBER 6, 1960.

*Wm. T. Brooks*, for plaintiff in error.

*Paul Webb, Solicitor-General, John W. Walton, Eugene L. Tiller, Eugene Cook, Attorney-General, Rubye G. Jackson, Assistant Attorney-General*, contra.

HEAD, Presiding Justice. 1. The first special ground of the motion for new trial contends that it was error to admit the testimony of J. W. Moore, offered by the State as an expert witness for the purpose of comparison of finger prints of the defendant with those found on a broken bottle, over the objection that this witness was not qualified as an expert to compare fingerprints.

This witness was thoroughly examined as to his qualifications, and the trial judge did not abuse his discretion in allowing the witness to testify as an expert on the subject of the comparison of fingerprints. See *Glover v. State,* 129 Ga. 717 (9) (59 S. E. 816); *Carter v. Marble Products,* 179 Ga. 122, 124 (175 S. E. 480).

2. Ground 2 asserts that the following evidence was illegally

admitted to the jury: "A certain brown bag and its contents identified as State's Exhibit No. 18." The objection to this evidence was that it had not been connected up by competent witnesses, and the contents of the bag were unknown.

This ground is without merit, since the record discloses that the paper sack introduced in evidence as Exhibit No. 18 contained pieces of a pair of glasses and several pieces of a broken Coca-Cola bottle, and that these pieces were found under and near the body of the deceased on the investigation of the homicide.

3. In ground 3, it is contended that the court erred in admitting the testimony of H. N. Shelton to identify stains on an exhibit offered by the State to determine whether the stains were blood. The objection to this testimony was that this witness had not qualified as an expert.

An examination of the testimony of this witness shows that he did not attempt to give a scientific opinion that the stains appearing on a piece of wood found at the scene of the homicide were blood, but merely gave his opinion from observing the object, and a nonexpert witness may give such an opinion. *Thomas v. State,* 67 Ga. 460 (4).

*Judgment affirmed. All the Justices concur.*