### 46205. LATHAN v. MURRAH, INC.

DEEN, Judge. This is the second appearance of this case, appealed in both instances from the direction of a verdict in favor of the defendant. The reversal of the first case in *Lathan v. Murrah, Inc.,* 121 Ga. App. 554 (174 SE2d 269) establishes as the law of the case that if the evidence on this trial is substantially the same as the first, it would authorize a jury inference "that the defendant owed a duty, under the circumstances, not to leave the decedent unrestrained, even momentarily; that this duty was breached; and that the defendant was responsible for the fall of plaintiff's mother, resulting in her death from a possible skull fracture." We have compared the evidence in both records. On the second trial there are missing the death certificate and the testimony of three witnesses, employees of the nursing home, which were offered on the first. In both cases there was some evidence that the decedent was a helpless 85-year-old patient suffering from the effects of stroke and that the nursing home personnel had been instructed not to leave her unattended; that bars should be raised when she was in bed and a

support used when she was sitting; that she fell; that when found there was a bruise, some blood, and a knot on her head; that she died seven hours later, probably from cerebral hemorrhage.

In the first case there is testimony that the patient fell after a nurse had placed her in a chair and momentarily turned aside to get the restrainer support with which she intended to fasten the patient in her chair. This evidence is missing from the present record, and while there are sufficient circumstances in evidence on both trials to warrant an inference that the nursing home had agreed not to leave the patient unattended and unenclosed sufficient to show a duty to this effect on the defendant, the evidence went further on the first trial and showed a possible breach of that duty by the action of the nurse in turning away and leaving the patient unsupported momentarily. In the present record there is no effort to explain the circumstances of the fall. We cannot consider evidence not in the record, nor can we infer from these facts that *any* unexplained fall, regardless of the circumstances, might be chargeable as negligence against the caretaker. For this reason, the direction of the verdict by the trial court must be

*Affirmed. Bell, C. J., Jordan, P. J., Hall, P. J., Eberhardt and Quillian, JJ., concur. Pannell, Whitman, and Evans, JJ., dissent.*

ARGUED MAY 4, 1971—DECIDED JUNE 14, 1971—
REHEARING DENIED JULY 14, 1971.

*Guy B. Scott, Jr.,* for appellant.

*A. Ed Lane, Erwin, Epting, Gibson & Chilivis, Eugene A. Epting,* for appellee.

PANNELL, Judge, dissenting. The evidence in this case was substantially the same as the evidence in the previous case before this court (*Lathan v. Murrah, Inc.,* 121 Ga. App. 554 (174 SE2d 269)). The second paragraph of the majority opinion states that there is no evidence in this case as to the nurse momentarily turning aside to get the restraining support with which she intended to fasten the patient in her chair.

There is no dispute that Mrs. Kuhlman was the administrator of Cedar Hills Nursing Home at the time of the alleged occurrence. Page 19 of the transcript gives the following testimony by Mrs. Stowe of a conversation had with Mrs. Kuhlman: "Q. What did she tell you? A. She told me that mother had fallen. Q. And what had happened? A. That the nurse had taken her up and she fell backwards. She had reached to get something off the table and the nurse let her fall backward. Q. When she fell, did she tell you what happened to her? A. No. Q. Did she tell you whether or not she received any injuries? A. Well, she said she hit her head. Q. Did she tell you where she hit her head? A. No, sir. Q. Can you go into a little more details about what she told you about why she fell?—Or did she tell you that? A. No, sir. Q. I mean about what the nurse did or did not do? A. She just told me the nurse reached back to get something off the table and let her fall backward." This would be an admission by the superintendent of the defendant and would not be hearsay. See *Chero-Cola Bottling Co. v. Southern Express Co.,* 29 Ga. App. 656 (116 SE 325); *Brooks v. Sessoms,* 47 Ga. App. 554 (171 SE 222). Therefore, the law of the case would control and the direction of the verdict by the trial court would be error and should be reversed.

I am authorized to state that Judges Whitman and Evans concur in this dissent.