### 50197. McFARLAND et al. v. STATE OF GEORGIA.
### 50198. WALKER v. STATE OF GEORGIA.
### 50199. LEE v. STATE OF GEORGIA.
### 50200. McCONNEHEAD v. STATE OF GEORGIA.

BELL, Chief Judge.

The State of Georgia filed petitions under Code Ann. § 26-2710 seeking condemnation of the defendants' automobiles allegedly used for transporting gambling devices and equipment. Defendants answered and the cases were specially set for trial on October 2, 1974. The cases were called for trial that date. Plaintiff announced "ready" but no appearance was made by any of the defendants or their attorney and the court struck the

defensive pleadings and granted plaintiff an order authorizing the sale of the vehicles. *Held:*

1. The defendants' brief contains factual matter which does not appear in the record. We cannot consider it. *Coweta Bonding Co. v. Carter,* 230 Ga. 585 (1) (198 SE2d 281); *Stephens v. Big Apple,* 130 Ga. App. 841 (1) (204 SE2d 805).

2. The court struck the defensive pleadings under the authority of the superior court rule found in Code Ann. § 24-3341 which states: "When a case is sounded for trial, the parties shall immediately announce ready, or move to continue; if three minutes should elapse before the announcement or motion to continue, the plaintiff's case will be dismissed, or the defendant's answer stricken." The effect of striking the answers placed each case in default at a time more than thirty days from the date of filing the petitions. Code Ann. § 26-2710 provides: "If no defense shall be filed within thirty days from the filing of the petition, judgment by default shall be entered by the court at chambers, . . ."

*Judgments affirmed. Webb and Marshall, JJ., concur.*

ARGUED FEBRUARY 3, 1975 — DECIDED APRIL 7, 1975.

*Herbert Shafer,* for appellants.
*H. Lamar Cole, District Attorney,* for appellee.