## 50973. FOUNTAIN v. THE STATE.

CLARK, Judge.

Defendant was indicted for the offense of aggravated assault in that he "did make an assault upon Horace Holcomb with a certain night stick, a deadly weapon." The jury found defendant guilty of the lesser offense of simple battery, and the trial judge imposed a sentence of twelve months imprisonment. After denial of his motion for a new trial, defendant brings this appeal. *Held:*

1. Although the general grounds are raised in defendant's motion for a new trial, this enumeration is neither argued nor supported by citation of authority in defendant's brief to this court. This enumeration may therefore be considered abandoned under this court's Rule 18 (c) (2) (Code Ann. § 24-3618 (c) (2)). The general grounds are, in any event, unmeritorious, as the testimony of the victim and the corroborative testimony of an eyewitness presented more than sufficient evidence to sustain the jury's verdict.

2. Error is enumerated upon the trial court's refusal to permit testimony regarding events which transpired subsequent to the alleged offense. Defendant's assault charge was based upon an altercation with the victim in the parking lot of a Rabun County tavern. Later that evening the victim and his brother shot and wounded defendant at the latter's residence. The trial judge ruled that testimony regarding this latter occurrence was irrelevant to the issues being tried. Defense counsel objected to this ruling, asserting that the testimony would be admissible under the res gestae rule.

In support of this argument, appellant cites *Stiles v.*

*State,* 57 Ga. 184, Headnote 4 of which reads: "Where a difficulty commenced at one groggery and terminated at another, the same night in the same village, all that transpired at both groggeries is admissible as res gestae, though some interval of time may have intervened between the beginning and end of the rencounter." That case is not applicable to the facts of the instant case in that there the single offense had its inception at one groggery[1] and its completion at the second location. Here the second event involved a subsequent act having no legal connection with the charge on which the appellant was tried.

Code Ann. § 38-305 provides, *"Declarations* accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought, shall be admissible in evidence as part of res gestae." (Emphasis supplied.) It is readily apparent that "res gestae"[2] is wholly unrelated to the victim's subsequent conduct which defendant sought to prove before the jury. Generally, this phrase refers to oral declarations of a spontaneous nature which would otherwise be inadmissible hearsay evidence.[3] The

---

[1] Etymologists recognize "groggery" to be an American corruption of the English words "grog shop" which now has become the sissified "cocktail lounge."

[2] The persistent confusion surrounding the meaning of res gestae has prompted one commentator to vent his frustrations in the following language: "The marvelous capacity of a Latin phrase to serve as a substitute for reasoning, and the confusion of thought inevitably accompanying the use of inaccurate terminology, are nowhere better illustrated than in the decisions dealing with the admissibility of evidence as 'res gestae.' It is probable that this troublesome expression owes its existence and persistence in our law of evidence to an inclination of judges and lawyers to avoid the toilsome exertion of exact analysis and precise thinking." Morgan, A Suggested Classification of Utterances Admissible as Res Gestae, 31 Yale L. J. 229 (1922).

[3] McCormick identifies four types of declarations which may be admitted under the res gestae exception

propriety of the court's ruling is therefore controlled by judicial considerations of relevancy.

"No precise and universal test of the relevancy of testimony is furnished by the law. The question must be determined in each case according to the facts of that particular case, and in accordance with the teachings of reason and judicial experience. Any evidence is relevant which logically tends to prove or to disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or throw light upon a material issue or issues is relevant." *McNabb v. State,* 70 Ga. App. 798, 799 (29 SE2d 643).

Sub judice, the state's evidence showed that defendant committed an unprovoked assault and battery upon the victim. Defendant attempted to show justification by asserting that the victim was throwing rocks at him and that his actions were taken in self-defense. Thus the material factual issues for the jury's determination were clearly delineated. The victim's subsequent aggression at defendant's residence, whether motivated by a continued hostility between these two persons or by revenge for the prior beating, could not have had any bearing upon the guilt or innocence of the defendant in this case. See *Morgan v. State,* 124 Ga. 442, 445 (2) (52 SE 748) wherein testimony regarding a stabbing victim's subsequent conduct was held to have been properly excluded as irrelevant. Appellant's enumeration is therefore without merit.

3. Error is enumerated upon the failure of the trial court to restrict the state's rebuttal testimony. As this contention is not argued or supported by citation of authority, it is deemed abandoned. Code Ann. § 24-3618 (c) (2) (Rule 18 (c) (2)). Additionally, our examination of the transcript shows that the state's rebuttal testimony was in fact restricted and that the trial judge exercised sound discretion in permitting rebuttal testimony within

to the hearsay rule: "(1) declarations of present bodily condition, (2) declarations of present mental states and emotions, (3) excited utterances, and (4) declarations of present sense impressions." McCormick on Evidence, 2d Ed. (1972), § 288, p. 686.

reasonable bounds.

4. The remaining enumeration alleges error in the trial court's failure to explain to the jury the bifurcated trial procedure then in force. Code Ann. § 27-2534 (Repealed by Ga. L. 1974, pp. 352, 355). In *McRoy v. State,* 131 Ga. App. 307 (205 SE2d 445) our court ruled the absence of this explanation within the court's charge to the jury was error. Subsequently, in *Willingham v. State,* 134 Ga. App. 603, 608 (c) (215 SE2d 521) we observed that the error occasioned by the absence of this instruction " . . . cannot be said to be harmful error. To warrant reversal errors must be harmful. [Cit.]" As defendant has not shown that he was harmed by the court's charge, the omission complained of requires neither reversal nor a new trial.

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*

Submitted September 2, 1975 — Decided September 24, 1975 — Rehearing denied October 21, 1975 —

*Oliver & Oliver, Robert F. Oliver, Maylon K. London,* for appellant.

*V. D. Stockton, District Attorney,* for appellee.