## 31537. OFFUTT v. THE STATE.

PER CURIAM.

The appellant was convicted for having committed armed robbery, and he has appealed. After his conviction he filed a motion for a new trial. Before that motion was heard, he filed an amendment to it based on evidence discovered after his conviction that he alleged was consonant with his innocence and would have affected the outcome of his trial. A hearing was conducted on the amended motion for new trial; the alleged "newly discovered evidence" was presented and made a part of the record; and the trial judge overruled the amended motion.

The appellant contends that the newly discovered

evidence asserted in his amended motion for new trial and presented to the trial court at the hearing warranted a granting of a new trial under the standards set out in *Bell v. State,* 227 Ga. 800 (183 SE2d 357) (1971).

We do not agree with this contention of the appellant. All six requirements set out in *Bell,* which must be complied with prior to the court granting a new trial on grounds of newly discovered evidence, have not been met by appellant in this case. Therefore, the overruling of the amended motion for new trial was not erroneous.

*Judgment affirmed. All the Justices concur, except Nichols, C. J., Ingram and Hill, JJ., who dissent.*

Argued September 22, 1976 — Decided February 23, 1977 — Rehearing denied March 8, 1977.

*Daniel F. Byrne,* for appellant.

*William H. Ison, District Attorney, J. W. Bradley, Assistant District Attorney, Arthur K. Bolton, Attorney General, G. Stephen Parker, Assistant Attorney General,* for appellee.

Hill, Justice, dissenting.

A Majik Market in Clayton County was held up by three men. The clerk was the only witness to the crime, and the identification of the robbers depended on this witness' testimony. The defendant and Ronald Orvis were tried together for the armed robbery. The defendant called three alibi witnesses and a hung jury resulted. The defendant and Orvis were tried a second time, but again the jury could not agree. Orvis was tried separately a third time and was convicted. This court upheld his conviction. *Orvis v. State,* 237 Ga. 6 (226 SE2d 570) (1976). The defendant was tried separately and convicted. Later a third man, Steven Wright, was identified. At Wright's trial James Dickson testified that the actual robbers were himself, Orvis and another man. Dickson stated that neither the defendant Offutt nor Wright committed the robbery. The jury acquitted Wright. The defendant amended his motion for new trial based on Dickson's testimony at Wright's trial.

In view of the jury's acquittal of Wright based upon Dickson's testimony, I believe that this defendant should have a new trial so that this defendant's guilt or innocence will have been decided after consideration of Dickson's testimony. The fact that the first two juries were unable to find this defendant guilty supports this position.

The majority opinion affirms the trial court's overruling of the motion for new trial stating that the defendant has not met the six requirements for a new trial based on newly discovered evidence as set out in *Bell v. State,* 227 Ga. 800 (183 SE2d 357) (1971). The six criteria are as follows: (1) that the evidence has come to the defendant's knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness.

Although the majority opinion does not identify which requirements it considers to be missing, the state urges that requirements (1) and (2) have not been met. The state argues that Orvis obviously knew of the "newly discovered evidence" and since Orvis was tried twice with the defendant, it follows that the defendant either (1) knew about Dickson or (2) lacked diligence in learning about Dickson. This argument overlooks the very real possibility that Orvis did not admit his own participation in the crime to this defendant or this defendant's lawyer since Orvis contended at his three trials that he was not guilty. In order to exonerate this defendant, Orvis would have had to confess his own guilt.

There is a reasonable possibility that this defendant is not guilty and in my view another jury should decide his fate. I would grant the defendant a new trial.

I am authorized to state that Chief Justice Nichols and Justice Ingram join in this dissent.