## 53960. CORN v. THE STATE.

SHULMAN, Judge.

This appeal is from a conviction for simple battery.

1. Appellant contends that the court denied him a thorough and sifting cross examination of a state witness. In a colloquy with the judge, defense counsel explained why he was pursuing the line of questioning to which objection had been made and sustained. However, the point he wanted made had been thoroughly covered in earlier testimony by that witness in response to questions from defense counsel. "Where the same question has been asked and answered by a witness, the trial judge does not unduly limit a defendant's right to a thorough and sifting cross examination by refusing to allow it to be repeated again. [Cit.]" *Garrett v. State,* 141 Ga. App. 584 (2) (234 SE2d 161).

2. Within two hours of his arrest, appellant signed a waiver of commitment hearing and was released on bail. He now enumerates as error the denial of a commitment hearing within 72 hours of his arrest, claiming that he suffered an epileptic seizure while in custody and was in no condition to intelligently waive his right to a commitment hearing. This enumeration has no merit. "[I]n no event will we overturn a conviction on direct appeal . . . because a commitment hearing was denied appellant." *State v. Middlebrooks,* 236 Ga. 52, 55 (222 SE2d 343). See also Gerstein v. Pugh, 420 U. S. 103 (95 SC 854, 43 LE2d 54).

3. After a conviction, appellant moved for new trial on the ground of newly-discovered evidence. Attached to the motion was an affidavit of a witness to the altercation. That affidavit supported some of the testimony of appellant and tended to impeach that of the state's main witness, the victim. But it is not so material that it would presumably produce a different result. *Bell v. State,* 227 Ga. 800 (183 SE2d 357). In fact, although it is supportive of appellant's version of the events preceding the fight, the new evidence also tends to show that the assault was not the result of abusive language directed toward appellant, as he had contended. The new witness avers that he observed appellant argue with the victim, then

neatly fold his coat and place it on top of a car, continue the argument, remove his wristwatch, argue some more and then fight. This testimony bolstered that of a prosecution witness who testified that appellant told him before the fight that he was going to "whip" the victim. Since the allegedly newly-discovered evidence does not meet all the requirements set out in *Bell,* supra, at 805, there was no merit in this ground for a new trial and no error in denying the motion.

4. Two enumerations of error are on the general grounds. If there is any evidence to support the jury finding and no error of law appears, this court will not disturb the verdict. *Lawson v. State,* 234 Ga. 136, 138 (214 SE2d 559). There was evidence to support the verdict and no other error appears. The enumerations on the general grounds are without merit.

5. There having been no error at trial and no merit to the ground of newly-discovered evidence, the lower court did not err in denying appellant's motion for new trial.

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

ARGUED JUNE 8, 1977 — DECIDED JUNE 24, 1977 — REHEARING DENIED JULY 13, 1977 —

*Smith & Bell, Harmon T. Smith, Jr., William W. Bell, Jr.,* for appellant.

*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney,* for appellee.