## 32370. McDOWELL v. THE STATE.

UNDERCOFLER, Presiding Justice.

Appellant was convicted of rape and sentenced to ten years. He appeals.

The state introduced evidence to show that appellant, who was unknown to the victim, contacted her seeking another girl by the same name. Subsequently, after several telephone calls, a blind date was arranged on Sunday, September 26, 1976. Appellant called about noon at the victim's apartment, had a beer with her, and they left when appellant suggested they get something to eat. Instead, he drove to a dirt road near his apartment complex in Gwinnett County where he forcibly removed her lower clothing and sexually molested her. He left this location and drove to his apartment where he forcibly carried the victim from his living room into his bedroom, removed her clothing and had intercourse with her. All efforts by the victim to scream or summon aid were stifled by the appellant or by the victim's fright and tearful condition. Later, appellant repeated the intercourse and told the victim he would take her home. He told her to use the bathroom and straighten her hair. He returned to the victim's apartment parking lot and forced her to kiss him before he left. He said he would call her again and left. A previous victim of a similar crime for which appellant had been convicted in DeKalb County was permitted to testify solely to show similar intent, motive and conduct. This victim stated this appellant contacted her in response to an advertisement in a singles magazine and

arranged a blind date. He came to her apartment, soon proposed they get something to eat, but went instead directly to his apartment on the pretext he had left his wallet there. Upon entering the apartment, appellant in that case locked the front door, lifted the victim physically and took her to his bedroom where he forced her to have intercourse with him. He later told her to use his bathroom to clean up and straighten her hair, and then took her back to her apartment where he forced her to kiss him before he would let her out of his car.

Appellant testified in his own defense, stating his relationships were with the consent of the victims in both cases; however, appellant also introduced to the jury the fact of his prior conviction of aggravated assault in the previous case, a lesser included offense of the crime of rape for which he had been indicted by a DeKalb County Grand Jury. He said he had pled guilty to the lesser crime because his attorney had advised him to do so. Later, he testified on direct examination he did not go on a dirt road with this victim; however, on cross examination he changed this statement, admitting he went down this road with the victim. Appellant assigns seventeen errors. We affirm.

1. Appellant argues it was error for the court to overrule his motion to have the prosecution provide him with complete addresses and telephone numbers of the witnesses to be called by the state. He argues this request is supported under the "suppression of evidence" theory presented in Brady v. Maryland, 373 U. S. 83, 87 (83 SC 1194) (1962). We do not agree. We have decided this issue adversely to appellant's contentions in *Holsey v. State,* 235 Ga. 270, 271 (219 SE2d 374) (1975). However, the prosecutor in this case, in addition to providing the list of witnesses required by Code Ann. § 27-1403 (Ga. L. 1966, pp. 430, 431), also told appellant's counsel during pre-trial meetings where most of the witnesses were employed and the nature of their testimony. We find no error.

2. In Enumeration 2, appellant challenges the validity of the search of his automobile and apartment as based upon an invalid search warrant. The affidavit supporting the warrant detailed the events with particularity which had occurred, including the molestations of the victim in appellant's automobile as

well as in his apartment. The description of the apartment was very detailed, containing a description of the entrance to the parking lot, the walkways to use in reaching the apartment, the stairs to climb, and the appearance of the door with its identification numbers and letter. There is no merit to this enumeration based upon these facts amply establishing probable cause to issue the warrant. At the hearing on the motion to suppress, appellant further argued the search of the automobile was improper, charging it was not described in the warrant and could not be searched under a theory of probable cause or that the vehicle was in the curtilage of the apartment. The officers did search the automobile and remove a bottle of shaving lotion and a package of chewing gum; however, these items were not introduced into evidence. Assuming without deciding that the automobile mentioned in the affidavit attached to the warrant did not sufficiently describe the automobile to warrant its search, the items seized were not introduced into evidence and appellant shows no harm thereby. "Harm as well as error must be shown to authorize a reversal by this court." *Brooks v. State,* 236 Ga. 108 (223 SE2d 79) (1976) and cases cited therein. Likewise, there was no error in permitting the testimony of Detective Blannott who testified as to the seized articles in the apartment and the introduction of state's exhibits 8 through 12 seized in the apartment as set forth in enumerations of error 10 and 12.

3. In Enumeration 7, appellant attacks the introduction of the testimony of a medical witness, Dr. Patricia Richey, of the Grady Hospital Rape Crisis Center, arguing the medical examination, performed 12 to 16 hours after the event, was too remote in time and also it had no probative value because it was not properly linked up with the alleged event. In Enumeration 8, appellant attacks the overruling of his objection to the doctor's reply to the following question: "Based on your expertise and your experience with other victims and your examination of this victim, do you have an opinion as to whether or not intercourse was forcible in this particular case?" Answer, "Yes, I felt it was forcible." Appellant says this testimony was based on an im-

properly framed hypothetical question and was an improper response. There is no error. The testimony by Dr. Richey was proper medical evidence corroborating the victim's testimony that she resisted appellant and endured physical violence and pain during the events leading to and including a forcible rape in the apartment. See *McNeese v. State,* 236 Ga. 26, 29 (2) (222 SE2d 318) (1976); *McNeal v. State,* 228 Ga. 633 (187 SE2d 271) (1972). A hypothetical question is not required where a witness had been properly qualified as an expert: "When an expert testifies to facts within his knowledge, it is not necessary that the question to be propounded be stated hypothetically. An expert may base his opinion upon facts which he knows and has observed." *Corbin v. State,* 81 Ga. App. 353, 354 (58 SE2d 485) (1950) and cits. Further, we hold that under the facts of this case, the examination of the victim by the physician was not too remote in time given the fright, pain and shock the victim suffered. This medical testimony was also relevant and strongly corroborative of the victim's statements regarding the rape and the appellant's admissions at trial concerning the events occurring on the dirt road and at his apartment later. "If an item of evidence has a tendency to establish a fact in issue, it is sufficient to make it relevant and admissible." *Patterson v. State,* 233 Ga. 724, 725 (213 SE2d 612) (1975).

4. We have carefully reviewed each of the arguments set forth in support of enumerations of error 3, 4, 5, 6, 9, 11, 13 and 14 and we find no error.

5. Appellant argues the "general grounds" in enumerations of error 15 through 17, charging error in denying his motion for directed verdict and denial of his motion for new trial. We find the verdict was not contrary to the law; the evidence was sufficient to support the verdict which was not contrary to the evidence or to the principles of justice and equity.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JUNE 3, 1977 — DECIDED SEPTEMBER 8, 1977.

*Morgan & Sunderland, Thomas S. Sunderland,* for

appellant.

William Bryant Huff, District Attorney, Dawson Jackson, Assistant District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General, for appellee.