## 60572. HOLZMEISTER v. THE STATE.
## 60573. PIPER v. THE STATE.

QUILLIAN, Presiding Judge.

The defendants appeal their conviction of the offenses of hunting deer at night with the aid of lights, and from a vehicle, in violation of Code Ann. §§ 45-502 and 45-511 (Ga. L. 1977, pp. 396, 448, 453). These are misdemeanor offenses. Code Ann. § 45-216 (Ga. L. 1977, pp. 396, 421). The single enumeration of error alleges the trial judge's failure to appoint an official court reporter for the State Court, and the holding of their trial without the presence or availability of such reporter, denied them a right granted by law. *Held:*

1. As there was no reporter, there is no transcript. Defendants' direction to the Clerk to forward "all transcripts of evidence and proceedings" is unavailing — as none exist. Where such proceedings occur, which have not been transcribed, the defendant may move for an appropriate order pursuant to Code Ann. § 6-805. *Rutledge v. State,* 245 Ga. 768, 772 (267 SE2d 199). "The burden is on him who asserts error to show it affirmatively by the record" (*Roach v. State,* 221 Ga. 783 (4) (147 SE2d 299)), and this cannot be done "by evidentiary assertions . . . in enumerations and briefs." *Redwing Carriers, Inc. v. Knight,* 143 Ga. App. 668, 674 (239 SE2d 686). " 'The brief cannot serve in the place of the record or the transcript for the purpose of demonstrating error or for supporting a claim of error.' " *Jahncke Service, Inc. v. Dept. of Transp.,* 134 Ga. App. 106 (1) (213 SE2d 150). However, in instances where the transcript is unavailable and such facts as are necessary for disposition are stated in the brief, and the State concedes such statement is substantially correct, we are permitted to reach a decision upon the agreed upon facts. See Rule 15

(b) (1) (Code Ann. § 24-3615 (b) (1)).

2. Defendants' statement of facts, conceded to be "substantially correct" by the State, show: "On said February 12, 1979, [they were] afforded a full jury trial and the jury after hearing the case presented and the charge of the Trial Judge as to the law retired to their jury room for deliberation. After deliberating, the jury returned a verdict of guilty against the [Appellants] for both said offenses. At the time of said trial, the Trial Judge had not appointed an official court reporter for the State Court of Burke County, Georgia, nor was a court reporter available or present in Court at the time of said trial. *Subsequently* . . . [the appellants'] attorney had pointed out that the State Court . . . had no appointed official court reporter appointed by the Trial Judge . . . *Subsequent to Appellant's conviction,* Appellant through counsel, filed a timely Motion for New Trial and during oral arguments pointed out to the Court its failure to comply with the law by having failed to appoint an official court reporter and have same available and present at the time of a trial or court session." (Emphasis supplied.)

Viewing the facts, as stated by the defendants, and in the light most favorable to upholding the verdict — as we are required to do (Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560)), it appears that this issue was not raised during the trial and was raised for the first time on the motion for new trial. Our Supreme Court has held on numerous occasions that even though a ground of objection may have been valid, if "made for the first time in the motion for a new trial or made only before this court, the Supreme Court being a court alone for the trial and correction of errors of law committed in the trial court, will not set aside the verdict and judgment of conviction. . ." *Starr v. State,* 229 Ga. 181, 183 (1) (190 SE2d 58); Accord, *Edwards v. State,* 224 Ga. 684 (1) (164 SE2d 120); *Hart v. State,* 227 Ga. 171 (1) (179 SE2d 346); *Jones v. State,* 232 Ga. 771, 774 (1) (208 SE2d 825), U. S. cert. den. 419 U. S. 1115.

*Judgments affirmed. Shulman and Carley, JJ., concur.*

ARGUED SEPTEMBER 16, 1980 — DECIDED OCTOBER 14, 1980 —

*Jerry M. Daniel,* for appellants.
*Marion DeVeaux Cotten, Solicitor,* for appellee.