## 40372. WARE v. THE STATE.

HILL, Chief Justice.

On December 9, 1982, the defendant was convicted of the murder of Bobby Lee Newman and was sentenced to life imprisonment. The defendant filed a motion for new trial which was denied on August 10, 1983.[1]

The evidence authorized the jury to find that the victim was sitting in his truck with a friend on the evening of October 30, 1981. The defendant, who was parked in front of the victim, got out of his car, came up to the driver's side of the truck and stated, "Man, why did you tell that bitch all that stuff?" An argument ensued. The victim's friend jumped out of the truck leaving the passenger door open. Soon thereafter the defendant pulled a pistol and began shooting the victim. During the shooting the victim exited the passenger side of the truck onto the sidewalk and fell in some bushes near the truck. The defendant then left the scene of the crime. Police officers arrived to find the victim lying in the bushes. The autopsy revealed the victim died as a result of internal bleeding caused by three gunshot wounds to the left side of the body.

The defendant admitted shooting the victim but claimed that the shooting was in self-defense. The defendant said that he thought the victim was going to grab a gun and shoot him, so he pulled his pistol from his belt and began firing.

---

[1] The case was submitted for decision by this court on November 4, 1983.

1. The trial court did not err in limiting references to the reputation of the deceased for violence or for carrying a weapon during the defendant's opening statement. *Sims v. State,* 251 Ga. 877 (3) (—— SE2d ——) (1984).

2. The trial court did not err in allowing the state to introduce photographs of the deceased. *Ward v. State,* 252 Ga. 85 (3) (—— SE2d ——) (1984).

3. The defendant argues that the trial court erred in allowing an improper hypothetical question concerning the ability of the victim to exit the truck during the shooting. The question was directed to the pathologist who conducted the autopsy. The defendant contends the hypothetical question included facts not in evidence and did not state enough facts to allow the expert to form an opinion. Although the question was phrased in part as a hypothetical question, in fact it asked the witness to give his opinion based on his observations that the victim had been shot three times. A hypothetical question is not required where a properly qualified expert testifies as to his opinion based on facts within his personal knowledge. *McDowell v. State,* 239 Ga. 626 (3) (238 SE2d 415) (1977). The trial court did not err in overruling the objection to the question.

4. The defendant contends the trial court erred in refusing to allow the defendant to testify to a conversation between the defendant's girl friend and a third person in which the third person told the girl friend of alleged threats made by the victim against the defendant. Both the girl friend and the third person were present at trial and available to testify. The court ruled the defendant's testimony inadmissible as hearsay. However, the defendant and his girl friend subsequently testified as to the victim's threatening to kill the defendant. The error, if any, was rendered harmless by such testimony.

5. The defendant contends the court erred in allowing the state to call a witness under the pretense of rebuttal, and to attempt to prove substantive evidence that should have been brought out in the state's main case. The court did not abuse its discretion in controlling the scope of rebuttal testimony. *Smith v. State,* 126 Ga. 803 (3) (55 SE 1024) (1906).

6. The defendant argues that the trial court's charge on crimes placed too much emphasis on murder and manslaughter and very little emphasis on self-defense. The defendant claims this charge was confusing and gave the jury the idea that they could only find the defendant guilty of either murder or manslaughter. We find no error. Moreover, at defendant's request, the jury was recharged as to self-defense.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 25, 1984.

*Hoyt & Fuller, Wade C. Hoyt III,* for appellant.
*F. Larry Salmon, District Attorney, William H. Boggs, Assistant District Attorney, Michael J. Bowers, Attorney General,* for appellee.