72663. MOSELEY v. THE STATE.
(347 SE2d 686)

BANKE, Chief Judge.

Moseley appeals his conviction of child molestation. *Held*:

1. Appellant contends that the court, in imposing sentence, improperly considered his denial of guilt as an aggravating circumstance. However, the sentence imposed was considerably less severe than the maximum sentence which had been recommended by the state, and the court's brief inquiry into whether appellant still denied his guilt was not pursued after defense counsel suggested that such inquiry might jeopardize appellant's right to appeal.

"Although we will not presume error in sentencing [cit.], we require some assurance from a fair reading of the record that error was not in fact committed. [Cit.]" *Chambley v. State*, 163 Ga. App. 502, 505 (295 SE2d 166) (1982). The transcript in this case reflects that sentence was imposed after consideration of all the evidence before the court, including evidence of good character submitted by the appellant. Under the circumstances, we find appellant's contention that he was unfairly penalized by his continued denial of guilt to be unsupported by the record.

2. Over a hearsay objection by the defendant, the victim's mother was permitted to relate certain voluntary and spontaneous statements the victim had made to her concerning the act of molestation. The incident occurred one afternoon when the 8-year-old victim was at appellant's home, where his wife routinely baby-sat for her after school. The victim arrived at appellant's home at approximately 3:30 p.m. and did not leave to return to her own home until that evening, after her mother had returned from a doctor's appointment. The victim reported the act of molestation to her mother at that time, which was her first opportunity to do so since leaving the custody of appellant and his wife. Appellant contends the trial court erred in ruling that the testimony was admissible under the *res gestae* exception to the hearsay rule.

In *Wallace v. State*, 151 Ga. App. 171, 173 (259 SE2d 172) (1979), we held that it is not "error to admit the statement of a child made to her mother shortly after an assault occurs when it is the child's first opportunity to report the offense outside the presence of the perpetrator." Notwithstanding the fact that several hours may possibly have elapsed in the present case between the time the offense occurred and the time the victim made the statements to her mother, the child clearly had no previous opportunity to report the offense. "[A] trial judge's determination that evidence offered as part of the *res gestae* is sufficiently informative and reliable as to warrant being considered by the jury will not be disturbed on appeal unless that determination is clearly erroneous." *Andrews v. State*, 249 Ga. 223, 228 (290 SE2d 71) (1982). Applying the *Andrews* standard, we hold that the testimony in question was properly admitted.

3. Appellant contends that certain improper remarks made by the prosecutor in closing argument were so prejudicial as to deny him

due process of law. However, since no objections were made to the offending remarks at trial, these contentions will not now be considered on appeal. See generally *Jones v. State*, 243 Ga. 820 (7) (256 SE2d 907) (1979).

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED JULY 8, 1986.

*Jason M. Braswell, Robert Glen Galbaugh*, for appellant.
*Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney*, for appellee.