## 74420. STRICKLAND v. THE STATE.
### (361 SE2d 207)

POPE, Judge.

Buddy Strickland brings this appeal from his conviction and sentence of rape.[1] *Held*:

1. Defendant's first three enumerations challenge the sufficiency of the evidence to support the verdict. On the date in question, defendant, along with Luke Dupree, went to the victim's trailer where they inquired about her brother. The victim testified that defendant and Dupree (who are her cousins) left but later returned and the three of them sat and drank beer. After a while the defendant went to

---

[1] Although appellant's notice of appeal was filed three days prior to the entry of the trial court's order denying his motion for new trial, we will review the case on its merits rather than dismiss it for lack of jurisdiction. *Cunningham v. State*, 232 Ga. 416 (207 SE2d 48) (1974); *Eller v. State*, 183 Ga. App. 724 (360 SE2d 53) (1987).

the bathroom located off the back bedroom, and when the toilet would not flush he called out for the victim's assistance. The victim testified that when she went into the bedroom, defendant grabbed her, threw her on the bed and raped her. Moreover, she testified that she bit defendant two or three times on the right shoulder while he was attacking her. The victim's husband testified that when he arrived home from work he found his wife crying, and upon questioning her, she told him that defendant had raped her. The State also presented the investigating officer who testified that the victim appeared to be upset and nervous when she came into the station to report the rape, and that when defendant was questioned he had marks on him that resembled bite marks.

Defendant alleges that he had consensual sex with the victim and that the marks on him were caused by a bedpost in the course of moving it. Moreover, defendant's companion Luke Dupree testified that both of them had consensual sex with the victim on this occasion.

We find from the evidence presented at trial that any rational trier of fact could have found defendant guilty of rape beyond a reasonable doubt. Accord *Melson v. State,* 157 Ga. App. 268 (277 SE2d 284) (1981).

2. Defendant's remaining enumeration cites as error the denial of his motion for new trial on the ground of newly discovered evidence. The evidence upon which defendant bases this enumeration was given by a deputy sheriff at defendant's sentencing hearing. The deputy testified: "The victim called me after I intended to serve the warrant and wanted to withdraw the warrant, and I advised her that she would have to take it up with [the investigating officer] since he had obtained the warrant. She got very mad about it and told me to go to hell, that there wasn't nothing to it no way." Defendant's counsel at the sentencing hearing (who was standing in for trial counsel who was ill) offered the deputy's testimony "in mitigation and mitigation alone." The trial court noted that defendant offered no explanation as to why this evidence had not been offered at trial and sentenced him to twenty years, fifteen to serve incarcerated.

In order for a new trial to be granted on the basis of newly discovered evidence the defendant must satisfy the court: (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that it will not impeach the credit of a witness only; and (6) that the affidavit of the witness should be procured or its absence accounted for. *Timberlake v. State,* 246 Ga. 488 (1) (271 SE2d 792) (1980); *Burge v. State,* 133 Ga. 431 (2) (66 SE 243) (1909). The burden is on the defendant to show compli-

ance with each of the six requirements. *Tanner v. State*, 167 Ga. App. 554, 555 (307 SE2d 45) (1983).

We will assume for the sake of argument that the issue of newly discovered evidence was properly presented to the trial court on motion for new trial, although this is not entirely clear from the record. Further assuming the materiality, etc., of the newly discovered evidence (see *In the Interest of J. F. F.*, 177 Ga. App. 816 (1) (341 SE2d 465) (1986)), the record is nonetheless entirely devoid of any showing that this evidence became known to defendant since the trial and that its sooner acquisition was not owing to defendant's lack of due diligence. The evidentiary assertions in defendant's brief provide no factual predicate for a finding in this regard. See *Holzmeister v. State*, 156 Ga. App. 94 (1) (274 SE2d 109) (1980); *McFarland v. State*, 134 Ga. App. 470 (1) (214 SE2d 721) (1975). Under these circumstances we find no abuse of the trial court's discretion in denying defendant's motion for new trial. *Hayes v. State*, 163 Ga. App. 465 (2) (295 SE2d 159) (1982); see *Atkins v. State*, 228 Ga. 578 (4) (187 SE2d 132) (1972).

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 11, 1987.

*James E. Greene*, for appellant.
*Darrell E. Wilson, District Attorney, Mickey Thacker, Assistant District Attorney*, for appellee.