## 75099. WESTBROOK v. THE STATE.
(368 SE2d 131)

McMURRAY, Presiding Judge.

Defendant appeals his conviction for aggravated child molestation. *Held*:

1. In his first enumeration of error, defendant contends the trial court erred in finding the victim, who was five years of age at the time of trial, competent to testify. "OCGA § 24-9-5 (formerly Code Ann. § 38-1607) provides: 'Persons who do not have the use of reason, such as idiots, lunatics during lunacy, and children who do not understand the nature of an oath, shall be incompetent witnesses.' In *Smith v. State*, 247 Ga. 511, 511-12 (277 SE2d 53) (1981), the Supreme Court defined the standard of competency of a child to be a witness as being 'not that he be able to define the meaning of an oath, nor that he understand the process under which the oath is administered, but rather that he know and appreciate the fact that as a witness he assumes a solemn and binding obligation to tell the truth relative to the case and concerning such matters as he may be interrogated on, and that if he violates the obligation he is subject to be punished by the court.'

"Once a child's competency has been thoroughly tested in court, it is within the sound discretion of the trial court whether or not to rule the child competent to testify as a witness. *Sullivan v. State*, 162

Ga. App. 297 (1) (291 SE2d 127) (1982); *Allen v. State*, 150 Ga. App. 605 (2) (258 SE2d 285) (1979). Because the trial court has had the opportunity to observe the child during the competency examination and because such observation provides material indicia of competency (or the lack thereof) which this court cannot glean from a cold record, we will upset the ruling of competency only when the record clearly shows that the child was not competent as defined in *Smith v. State*, supra. See *Sullivan v. State*, supra; *Bearden v. State*, 159 Ga. App. 892 (1) (285 SE2d 606) (1981); *Allen v. State*, supra; see also *Hurst v. State*, 166 Ga. App. 852 (2) ([305] SE2d [663]) (1983). (For a case reversing on this ground, see *Pace v. State*, 157 Ga. App. 442 (1) (278 SE2d 90) (1981)). A further reason for the hesitation of appellate courts to interfere with competency rulings is that the trial court's ruling as a matter of law that the child is competent (see OCGA § 24-9-7 (a) (Code Ann. §§ 38-1601, 38-1610)) is followed by the jury's independent determination of the child's credibility as a matter of fact. See *Hayes v. State*, 152 Ga. App. 858 (2) (264 SE2d 307) (1980)." *Pope v. State*, 167 Ga. App. 328 (1), 329 (306 SE2d 326).

In the case sub judice, defendant argues that the victim's inconsistent testimony rendered her incompetent to testify. We do not agree. "Inconsistency in a child's testimony does not render her incompetent to testify. See *Pendergrass v. State*, 168 Ga. App. 190 (308 SE2d 585) (1983); *Thomas v. State*, 168 Ga. App. 587 (309 SE2d 881) (1983). . . ." *Sprayberry v. State*, 174 Ga. App. 574 (1), 576 (330 SE2d 731). Although the victim could not say what an oath was, she demonstrated that she knew the difference between truth and falsehood, that telling a lie was wrong and could result in punishment. Further, the victim was subjected to thorough and sifting cross-examination by defense counsel as well as questions propounded by the court and the State's attorney. Under these circumstances, we find the requisites of *Smith v. State*, 247 Ga. 511, 512, supra, satisfied and that the trial court did not abuse its discretion in finding the victim competent to testify. See *Sprayberry v. State*, 174 Ga. App. 574 (1), supra; and *Runion v. State*, 180 Ga. App. 440 (2) (349 SE2d 288).

2. In support of his second and third enumerations of error, defendant asserts one convoluted argument challenging the testimony of the State's expert witness, Ms. Nancy Copeland Aldridge.

(a) First, we address defendant's third enumeration of error wherein he contends "[t]he Court erred in allowing testimony by the psychotherapist."

(1) The only objection raised by defendant at trial regarding Ms. Aldridge's qualifications to testify as an expert in child therapy was that "[s]he's only been in practice a year." " 'Nothing more is required to entitle one to give testimony as an expert than that he has been educated in the particular trade or profession, although the spe-

cial knowledge required to qualify as an expert may be derived from experience as well as study. See *Dennis v. State*, 158 Ga. App. 142, 143 (3) (279 SE2d 275); *Carter v. Marble Products*, 179 Ga. 122 (1), 124-125 (175 SE 480). . . .' *Inta-Roto, Inc. v. Guest*, 160 Ga. App. 75, 76 (1) (286 SE2d 61)." *Patterson v. Lanham*, 182 Ga. App. 343, 344 (2), 345 (355 SE2d 738). In the case sub judice, Ms. Aldridge testified that she was formally educated in nursing, psychology and social work and that she gained an expertise in child therapy and abuse primarily through experience, having counseled "[a]round 400" children who have been sexually abused. Ms. Aldridge further testified that she has conducted independent research in the area of child abuse by studying literature pertaining to diagnosis and treatment of sexually abused children, attending seminars on various topics relating to child abuse and communicating with other experts in the field of child therapy. This testimony was sufficient to authorize the trial court's discretion in allowing Ms. Aldridge to testify as an expert in child abuse and therapy. See *Allison v. State*, 179 Ga. App. 303, 309 (3) (346 SE2d 380), rev'd on other grounds at 256 Ga. 851 (353 SE2d 805).

(2) The only other argument which appears to relate to defendant's third enumeration of error and is preserved in the record is his challenge to Ms. Aldridge's hearsay testimony regarding statements made to her by the victim indicating that defendant had molested her.

OCGA § 24-3-16 provides: "A statement made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another is admissible in evidence by the testimony of the person or persons to whom made if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability." In the case sub judice, the five-year-old victim was available to testify and the trial court found the statement admissible under OCGA § 24-3-16 after considering the weight and credibility of the hearsay statements. Consequently, the trial court did not err in allowing such testimony. See *Sanders v. State*, 182 Ga. App. 581, 584 (3) (356 SE2d 537).

(b) In his second enumeration of error, defendant contends "[t]he Court erred in allowing testimony by the expert that the child had been sexually molested based on the child sexual abuse accommodation syndrome." Although defendant's argument in support of this enumeration of error is unclear, it appears the basis of his complaint stems from Ms. Aldridge's testimony that the victim "fit" the "child sexual abuse accommodation syndrome," which she described as identifiable phases of behavioral indicators typically displayed by sexually abused children. At trial, defendant objected and argued that

this testimony was inadmissible outside the realm of a hypothetical question because the State's expert witness based her opinion on information derived from sources other than her observations of the victim.

"A hypothetical question is not required where a properly qualified expert testifies as to his opinion based on facts within his personal knowledge. *McDowell v. State*, 239 Ga. 626 (3) (238 SE2d 415) (1977)." *Ware v. State*, 252 Ga. 90, 91 (3) (310 SE2d 908). " ' "Generally, an expert cannot state his opinion based upon observations or reports which are not admitted in evidence. (Cits.) On the other hand, an expert can give an opinion based upon facts which he personally observes. (Cits.) And where an expert personally observes data collected by another, his opinion is not objectionable merely because it is based, in part, upon the other's findings. (Cit.)" (Cit.)' *Cochran v. State*, 151 Ga. App. 478, 481 (260 SE2d 391) (1979)." *Taylor v. State*, 174 Ga. App. 900 (2), 901 (331 SE2d 920).

In the case sub judice, Ms. Aldridge's opinion was not only based on observations and reports made by others, but also upon her observations of the victim during 11 counseling sessions which she conducted with the victim and her observations of videotaped interviews of the victim. Under these circumstances, the trial court did not err in overruling defendant's objection to Ms. Aldridge's testimony.

(c) Another assertion found in defendant's argument in support of his second and third enumerations of error is that the trial court erred in admitting expert testimony of the "child sexual abuse accommodation syndrome." However, defendant made no contemporaneous objection to this testimony. Consequently, any deficiency urged in this regard is waived. See *Allison v. State*, 256 Ga. 851 (1)-(7), supra.

3. Defendant next contends the trial court erred in overruling his motion for directed verdict of acquittal.

"A person commits the offense of aggravated child molestation when he commits an offense of child molestation which act physically injures the child or involves an act of sodomy." OCGA § 16-6-4 (c). In the case sub judice, the victim testified that defendant sodomized her at her grandparents' house. This testimony was corroborated by medical evidence which indicated that the victim had been sodomized; expert testimony that the victim displayed behavioral characteristics consistent with those of a child who has been sexually abused; and, testimony of witnesses regarding statements made by the victim that defendant had sodomized her. This and other evidence adduced at trial was more than sufficient to enable any rational trier of fact to find defendant guilty beyond a reasonable doubt of the offense of aggravated child molestation. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). The trial court did not err in denying defendant's motion for directed verdict of acquittal. *Sprayberry v. State*, 174 Ga.

App. 574, 577 (4), supra.

4. Defendant's fourth enumeration of error cites as error the denial of his motion for new trial on the ground of newly discovered evidence. "Where a motion for new trial 'is made on the ground of newly discovered evidence, it must appear by affidavit of the movant and each of his counsel that they did not know of the existence of such evidence before the trial, and that the same could not have been discovered by the exercise of ordinary diligence.' Civil Code, § 6086; Penal Code, § 1088 [now OCGA § 5-5-23]." *Merritt v. State*, 152 Ga. 405, 408 (6) (110 SE 160). The foregoing rule has been restated in the standard for granting a new trial on the basis of newly discovered evidence as follows: " 'It is incumbent on a party who asks for a new trial on the ground of newly discovered evidence to satisfy the court: (1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness.' *Emmett v. State*, 232 Ga. 110, 117 (205 SE2d 231) (1974); *Bell v. State*, 227 Ga. 800, 805 (183 SE2d 357) (1971); *Burge v. State*, 133 Ga. 431, 432 (66 SE 243) (1909); *Berry v. State*, 10 Ga. 511, 527 (1851); see Code Ann. § 70-204 [now OCGA § 5-5-23]. All six requirements must be complied with to secure a new trial. *Offutt v. State*, 238 Ga. 454, 455 (233 SE2d 191) (1977); *Corn v. State*, 142 Ga. App. 798, 799 (237 SE2d 203) (1977)." *Timberlake v. State*, 246 Ga. 488, 490 (1), 491 (271 SE2d 792).

In the case sub judice, pretermitting the materiality of the newly discovered evidence, the record is void of a showing that this evidence became known to defendant since the trial and that its sooner acquisition was not owing to defendant's lack of due diligence. "The evidentiary assertions in defendant's brief provide no factual predicate for a finding in this regard. See *Holzmeister v. State*, 156 Ga. App. 94 (1) (274 SE2d 109) (1980); *McFarland v. State*, 134 Ga. App. 470 (1) (214 SE2d 721) (1975)." *Strickland v. State*, 184 Ga. App. 185, 186 (2), 187 (361 SE2d 207) (1987). Under these circumstances, the trial court did not abuse its discretion in denying defendant's motion for new trial based on newly discovered evidence. See *Strickland v. State*, 184 Ga. App. 185, 186 (2), 187, supra.

5. In his final enumeration of error, defendant contends the trial court erred in denying his motion for new trial on the general grounds. For the reasons stated in Division 3 of this opinion, this enumeration of error is without merit.

*Judgment affirmed. Sognier, J., concurs. Beasley, J., concurs*

*specially.*

BEASLEY, Judge, concurring specially.

I concur fully in all Divisions except Division 1. There the court construes the Child Hearsay Statute, OCGA § 24-3-16, without saying so. Since it is a construction not made in any previous decision, it ought to be recognized.

Appellant enumerates as error that the trial court found the child competent and available to testify, in derogation of the then-new statute. It provides that the child's hearsay statements are admissible "if the child is available to testify in the proceedings and the court finds that the circumstances of the statement provide sufficient indicia of reliability." The court below, after three hearings on the subject, found the child competent to testify, and this court finds this to be no abuse of discretion.

What is new is that the court concludes implicitly that "available to testify" means competent to testify as well as present to testify. The result is that unless the State proves that the child is competent to testify as a witness under OCGA § 24-9-5, i.e., that the child understands the nature of an oath in the sense that the Supreme Court has construed this in *Smith v. Smith*, 247 Ga. 511, 512 (277 SE2d 53) (1981), the state cannot introduce the child's statements to another person describing the sexual conduct or physical abuse, regardless of the indicia of reliability of the statements. The only other exception would be the traditional *res gestae* statements. See *Godfrey v. State*, 183 Ga. App. 183, 186 (2) (358 SE2d 264) (1987); *Vargas v. State*, 184 Ga. App. 650 (2) (362 SE2d 461) (1987).

Such an interpretation of "available to testify" has not yet been given. In *Sosebee v. State*, 257 Ga. 298 (357 SE2d 562) (1987), the Supreme Court avoided appellant's arguments attacking the statute as violating the Sixth Amendment right-to-confront witnesses clause by requiring an implementing procedure in which the court would make the child available in front of the jury for both the state and defendant "to examine and cross-examine the child as though the Child Hearsay Statute has not been invoked [by the state]." Id. at 299. Although on its face this would appear to require that as a threshold matter the child be competent under OCGA § 24-9-5, the question was not raised or addressed. Moreover, the Court was careful to state that the child must be available for both sides "to examine and cross-examine," not that the child must be available as a competent witness. Examination and cross-examination take place also when the issue itself is competency, so the Court's statement does not necessarily mean "available in the same status as a sworn witness."

The Supreme Court apparently regards the issue as not judicially resolved. Shortly following *Sosebee*, the Court decided *Grier v. State*,

257 Ga. 539 (361 SE2d 379) (1987). The issue was squarely raised. The Court stated that one of appellant's assertions in claiming a Sixth Amendment violation "is that § 24-3-16 is defective in that it does not require the victim to be 'available' for testimony in the sense of being competent to testify." The Court's response was not that *Sosebee* or any other case had decided this, but rather that "this contention has no merit, as appellant's [four-year-old] daughter was correctly declared competent to testify," and that "[a]ppellant therefore lacks standing to raise this issue." Id. at 540.

In several cases utilizing this statute which have reached the appellate courts, "availability" has been found because the child testified, and no issue was made on appeal as to competency. See, e.g., *Eberhardt v. State*, 257 Ga. 420 (1) (359 SE2d 908) (1987). And while the opinion in *Sanders v. State*, 182 Ga. App. 581 (356 SE2d 537) (1987), does not show whether the four-year-old victim testified, the court held that no violation of OCGA § 24-3-16 occurred because "the child was available to testify and the trial court found that the circumstances of the statement by the child provided sufficient indicia of reliability." Id. at 584 (3). The child testified also in *Newberry v. State*, infra.

The procedural circumstances below show no violation of the Child Hearsay Statute of the nature complained of. Although the court did not follow the procedure set out *Sosebee*, it was not required because only prospective application is mandated. *Eberhardt*, supra at 421.

The issue was raised by the state's pretrial motion to determine the admissibility of the child's several out-of-court statements under OCGA § 24-3-16. The state did not intend to call this victim but stated that she was and would be available before and at trial. Three hearings were held wherein the child was examined by all parties. The third was conducted on the day of trial, out of the jury's presence, but a videotape of it was shown as part of the state's case to the jury without objection. The out-of-court statements were admitted in evidence, including videotaped interviews of the child at the DFACS office and at the sheriff's office.

The child was not called as a witness by the state but was called by defendant pursuant to the "availability" aspect of the statute. She was examined in chambers, with the judge, a DFACS caseworker, and both counsel present. Defendant and the jury observed through closed-circuit television in the courtroom.[1] Questions concerning un-

---

[1] An issue of constitutionality under the Fourteenth and Sixth Amendments of a child's testimony behind a screen pends before the United States Supreme Court in *Coy v. Iowa*, Docket No. 86-6757, argued January 13, 1988. See 8 "Preview of United States Supreme Court Cases," Jan. 29, 1988.

derstanding of truth and punishment consequences of answering untruthfully, as well as questions relating to the alleged aggravated child molestation, were asked by each counsel. The court also briefly examined the child, having determined at the outset of trial that she was competent.

Appellant's position is that the record establishes that the child was not competent to testify, so that she was not "available" in the sense used in the statute, and that therefore her non-res-gestae, out-of-court statements were not admissible.

The Supreme Court recognized in *Sosebee*, supra at 299, that "[t]he statute does not . . . specify all the implications of the phrase 'if the child is available to testify in the proceedings.'" However, neither the statute nor judicial interpretation requires as a prerequisite to the admissibility of the statements that the child be competent as a witness. The statute does not say "available and competent." Nor does it refer to OCGA § 24-9-5. Nor does it state that before the out-of-court statements may be admitted, it must be proved that the child who made them understands, at the time of trial, the nature of an oath. It does not limit its coverage to statements made by children who are by trial time competent as witnesses. The child need only be available to testify, so that the defendant may confront her or him before the factfinder and show that what the child said earlier was not credible. This construction is called for because "[t]his court cannot add language to a statute by judicial decree." *U. S. Life Credit Corp. v. Johnson*, 161 Ga. App. 864, 865 (1) (290 SE2d 280) (1982).

Such a construction is buttressed by its harmony with OCGA § 19-7-5. Teachers, doctors, social workers, and others are required by law to report all cases of child abuse, and expressly sexual assault, which come to their attention. Obviously many of these will involve children below the developmental level of discernment required to be found legally competent to testify under OCGA § 24-9-5. It is at least highly likely that many will arise outside the res gestae setting of OCGA § 24-3-3. The public policy implemented by this statute includes the protection of children and the prevention of further abuse, as set out in section (a). Prosecution of abusers is patently subsumed under the expressed policy.

The statute is an outgrowth of the principles enunciated in *Timberlake v. State*, 158 Ga. App. 125, 128 (279 SE2d 283) (1981), as recognized in *Godfrey v. State*, 183 Ga. App. 183, 184, supra. As noted there, it establishes an evidentiary rule, which allows certain hearsay evidence because of its indicia of reliability. These are met even if the child is not competent to testify, because of the circumstances under which the out-of-court statements are made. That is, they satisfy the application of the rule: "'The indicia of reliability required for admissibility are that the statements be non-narrative;

that the declarant is shown by the evidence to know whereof he speaks; that the witness is not apt to be proceeding on faulty recollection; and that the circumstances show that the declarant had no apparent reason to lie to the witness . . . It is not required that all of the indicia be present for the statement to be admissible.' " *Timberlake*, supra at 128.

With respect to statements admitted under OCGA § 24-3-16, the child is not a sworn witness and speaks only through a sworn witness. The law is satisfied because a) that witness is subject to sworn cross-examination, b) the child is available to defendant so as to fulfill the right of confrontation and provide the opportunity to test credibility directly, and c) the circumstances of the child's prior statement indicate reliability, despite the absence of closeness in time which is present in *res gestae* situations.

If the child's competency were a predicate requirement for hearsay statements under OCGA § 24-3-16, then the statements of young children made beyond *res gestae* confines would be inadmissible regardless of the indicia of reliability other than close time proximity. The *res gestae* exception allows them regardless of the child's legal competency under OCGA § 24-9-5, for the reason that the factor of spontaneity substitutes for the oath as a measure of reliability. OCGA § 24-3-3; *Moseley v. State*, 179 Ga. App. 698, 699 (2) (347 SE2d 686) (1986); *Fountain v. State*, 136 Ga. App. 229, 230 (2) (220 SE2d 705) (1975). *C. A. J. v. State*, 127 Ga. App. 813, 814-815 (195 SE2d 225) (1973) states: "If the witness' testimony is admissible as res gestae it is immaterial whether the victim is available as a witness for purpose of cross-examination. *Hart v. Powell*, 18 Ga. 635; 6 Wigmore on Evidence 138, § 1748."

The child hearsay exception also allows them regardless of the child's legal competency, for the reason that the trial court is satisfied that there are "circumstances of the statement [which] provide sufficient indicia of reliability" *and* the child is *available* so as to satisfy the confrontation concerns. Such a construction serves "[a] cardinal rule of statutory construction," which is "that courts must look to the purpose and intent of the legislature and construe statutes so as to implement that intent. [Cit.]" *Enfinger v. Intl. Indem. Co.*, 253 Ga. 185, 186 (317 SE2d 816) (1984).

The court's construction of the statute, that the out-of-court statements are allowed only upon a showing of trial-time competency of the declarant, imposes an unusual condition upon the hearsay exception not found as to others. The Child Hearsay Statute, on the other hand, adds the condition of the child's availability at trial as a precaution which is not imposed on other hearsay exceptions. The proper construction of the statute does not compel the addition of another one.

Demonstrating to the jury that the child does not know the difference between truth and untruth, or does not know the consequences of relating untruth, is one way of attacking the credibility of the earlier statements. This opportunity was fully accorded defendant here, who himself called the child. The child was available throughout the trial, and the statute was not violated. Its purpose, to preserve defendant's right to confront and examine this child who had spoken out against him on previous occasions, was met.

As stated in *Mooney v. State*, 243 Ga. 373, 390 (3) (254 SE2d 337) (1979), quoting from *Mancusi v. Stubbs*, 408 U. S. 204, 213 (92 SC 2308, 33 LE2d 293) (1972): " 'The focus of the [U. S. Supreme] Court's concern has been to insure that there are "indicia of reliability which have been widely viewed as determinative of whether a statement may be placed before the jury though there is no confrontation of the declarant," *Dutton v. Evans*, [400 U. S. 74, 89 (91 SC 210, 27 LE2d 213) (1970)], and to "afford the trier of fact a satisfactory basis for evaluating the truth of the prior statement," *California v. Green* [399 U. S. 149 (90 SC 1930, 26 LE2d 489)] at 161. It is clear from these statements, and from numerous prior decisions of this Court, that even though the witness be unavailable his prior testimony must bear *some* of these "indicia of reliability" referred to in Dutton.' [Emphasis supplied.]"

That is what the statute provides here, without a court-imposed prerequisite of a finding of legal competency. Its protections afford an adequate base for the admission of the child's out-of-court statements, the truth of which are subject to challenge both indirectly and, by examining the child in front of the jury, directly.

It is when the state calls the child as a witness that threshold competency must be established. As stated in *Newberry v. State*, 184 Ga. App. 356, 358 (361 SE2d 499) (1987), "OCGA § 24-9-7 contemplates only that a small child be found competent to testify at trial and this code section has no applicability to out-of-court statements."

Thus I would not construe the statute so as to require a negative answer to the question, "If a child is not legally competent to testify but is available at trial for questioning, can his or her out-of-court statements be admitted in a sexual contact or physical abuse case under OCGA § 24-3-16 if they themselves and the circumstances under which they are made bear sufficient indicia of reliability?"

DECIDED MARCH 11, 1988 —
REHEARING DENIED MARCH 22, 1988 — 

*Jane Kent-Plaginos*, for appellant.
*Rafe Banks III, District Attorney, T. Russell McClelland III,*

*Assistant District Attorney*, for appellee.