### A05A1442. DRUMMOND v. THE STATE.
(619 SE2d 784)

JOHNSON, Presiding Judge.

Curtis Drummond was convicted of child molestation and statutory rape. He appeals, claiming that the trial court erred in failing to give a curative instruction to the jury and that his trial counsel was ineffective. The claims are without merit, and we thus affirm Drummond's conviction.

On April 1, 2002, Drummond went to the mobile home of his friend Jeanette Maynard. That evening, Maynard, her friend Eddie Swint, her 17-year-old daughter Brandy Hicks, Hicks' 17-year-old boyfriend Alfred McKeithern, a 14-year-old girl who was Hicks' friend, and 28-year-old Drummond watched television in the living room. Later, when Maynard and Swint went to bed, Drummond stayed in the living room with the 14-year-old girl, Hicks and McKeithern. Before going to the bedroom, Maynard told Drummond not to do anything with the girl because she was only 14.

After Maynard and Swint went to bed, Hicks and McKeithern were sitting on one couch, while Drummond and the 14-year-old were on another couch. Drummond began kissing the girl. He and the girl then lay down under a blanket on the floor, where Drummond had sexual intercourse with her. A few minutes later, Drummond again had sexual intercourse with the girl. She then went into the bathroom

---

[54] *United States v. Mechanik*, 475 U. S. 66, 71 (106 SC 938, 89 LE2d 50) (1986); *Isaacs v. State*, 259 Ga. 717, 720 (2) (b) (386 SE2d 316) (1989).

with Hicks, and told her that she and Drummond had just had sex. A few days later, the girl's mother found out about the incident, and the police were contacted.

1. Drummond complains that the trial court erred in failing to instruct the jury to disregard testimony from Hicks which bolstered the victim's credibility. The testimony occurred when Drummond's trial counsel asked Hicks on cross-examination if it was possible that the victim was not telling the truth about the incident. In response to the question, Hicks testified, "[The victim] wouldn't lie to me." Counsel did not object to the response and continued to cross-examine Hicks. Because defense counsel did not voice an objection when he elicited the testimony, any error has been waived. "[A]ppellant cannot complain of error induced by his [own] conduct."[1]

2. Drummond claims he is entitled to a new trial because he did not receive effective assistance of counsel. To prevail on his claim, Drummond must show that his trial counsel's performance was deficient and that the deficient performance prejudiced his defense.[2]

Drummond first contends that his counsel was ineffective by failing to ask the court to instruct the jury to disregard the testimony of Hicks which bolstered the credibility of the victim. As discussed above in Division 1, the testimony was given in response to a question by Drummond's attorney about the truthfulness of the victim.

> Since the . . . testimony was elicited by defense counsel and was responsive, it is unlikely that the trial court would have . . . issued curative instructions had trial counsel voiced an objection to the answer his question elicited. Accordingly, we conclude the failure to seek [such a] remed[y] did not constitute deficient performance.[3]

Drummond also argues that his trial counsel was ineffective in failing to object to a prior consistent statement of the victim. The statement was introduced into evidence when Hicks testified that on the night of the incident the victim came into the bathroom without her pants on and said that she and Drummond had had sex. Contrary to Drummond's argument, the victim's statement to Hicks on the night of the incident was not inadmissible.

"Declarations accompanying an act, or so nearly connected therewith in time as to be free from all suspicion of device or afterthought,

---

[1] (Citation omitted.) *Crozier v. State*, 263 Ga. 866, 868 (3) (440 SE2d 635) (1994).

[2] *Fulton v. State*, 278 Ga. 58, 62-63 (8) (597 SE2d 396) (2004).

[3] (Citation and footnote omitted.) Id. at 63.

shall be admissible in evidence as part of the res gestae."[4] This court has held that testimony from a victim's mother about the victim's telephone call to her immediately after having been raped was admissible as part of the res gestae.[5] Likewise, we have held that a child molestation victim's statements made several hours after the offense were admissible as res gestae evidence.[6]

In the instant case, the victim's statement in the bathroom shortly after having had sexual intercourse with Drummond was admissible res gestae evidence. Trial counsel's failure to object to such admissible res gestae evidence was not deficient and thus does not support Drummond's claim of ineffective assistance of counsel.[7]

*Judgment affirmed. Ruffin, C. J., and Barnes, J., concur.*

DECIDED AUGUST 11, 2005.

*Alfred F. Zachry*, for appellant.
*Peter J. Skandalakis, District Attorney, Sarahlouise S. Japour, Assistant District Attorney*, for appellee.

[4] OCGA § 24-3-3.
[5] *Howard v. State*, 228 Ga. App. 784, 785 (2) (492 SE2d 759) (1997).
[6] *Moseley v. State*, 179 Ga. App. 698, 699 (2) (347 SE2d 686) (1986).
[7] See *Collins v. State*, 276 Ga. 726, 728 (2) (583 SE2d 26) (2003).